## PEOPLE v. HOSIER.

(Supreme Court, Appellate Division, First Department.    May 7, 1909.)

1. CRIMINAL LAW (§ 1144*)—PRESUMPTION ON APPEAL—CHALLENGE AND EXAMINATION OF PROPOSED JURORS.

Where the record on appeal does not disclose that a challenge was interposed to proposed jurors, but shows that the district attorney and counsel for the defendant examined each of them, and no objection was taken to questions on the ground that no challenge had been interposed, it must be assumed that they were challenged, and that the questions were asked to determine the competency of each.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3023; Dec. Dig. § 1144.*]

2. JURY (§ 131*)—COMPETENCY IN CRIMINAL CASE—EXAMINATION.

Where a second conviction is one of the issues in determining the grade of the offense, an objection to a question by defendant's counsel as to whether a proposed juror would be influenced in considering the evidence if it showed that defendant had been convicted of crime before, and served a term in the penitentiary, was properly sustained.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 566-568; Dec. Dig. § 131.*]

3. CRIMINAL LAW (§ 1144*)—APPEAL AND ERROR—PRESUMPTIONS FROM RECORDS—EXAMINATION OF JURORS.

The record on appeal in a criminal case showed that the court sustained an objection to a question asked by defendant's counsel of a proposed juror, stating, "Now, the objection has been sustained, and the record may show that you have asked the question of each juror, if you wish," to which counsel for the defendant stated, "Yes, sir. And that the objection was made and sustained, to which we saved an exception," and the court replied, "Yes." *Held*, that on this statement in the record, nothing appearing to the contrary, defendant must be presumed to have asked each of the jurors called the same question.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3023; Dec. Dig. § 1144.*]

4. CRIMINAL LAW (§ 369*)—EVIDENCE—SHOWING FORMER CONVICTION.

A former conviction is not properly considered by a jury in determining whether a defendant is guilty of the crime charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 822; Dec. Dig. § 369.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

5. JURY (§ 131*)—COMPETENCY—EXAMINATION—BIAS.

    Code Cr. Proc. § 376, authorizes the challenge of jurors for bias and for a state of mind in reference to the case which satisfies the court that the juror cannot try the issue impartially. Section 383 provides that a challenged juror may be examined as a witness, and is bound to answer every pertinent question, and section 384 provides that in such cases rules of evidence applicable to trial of other issues shall govern. *Held*, that in a prosecution for larceny, wherein the grade of the offense depended on a former conviction of crime, questions as to whether the former conviction would influence jurors in determining defendant's guilt or innocence are competent, and defendant should have been allowed to ask the same of each juror.

    [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 566–568; Dec. Dig. § 131.*]

Appeal from Court of General Sessions, New York County.

Henry Hosier was convicted of grand larceny, and he appeals. Reversed.

See, also, 115 N. Y. Supp. 1136.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

John M. Coleman, for appellant.

E. Crosby Kindleberger, for the People.

INGRAHAM, J. The defendant was indicted for grand larceny in the first degree for having on the 3d of October, 1905, stolen two promissory notes—one for $750 and the other for $500.

A serious question that is raised by an exception of the defendant to a question asked one of the jurors upon a challenge as to his qualification as a juror to try this particular case is presented. The record does not disclose that a challenge was interposed as to each of these jurors, but the district attorney and counsel for the defendant examined each of the proposed jurors, and no objection was taken to the questions upon the ground that no challenge had been interposed. I think we must assume that there was such a challenge, and that the questions were asked to determine the competency of each particular juror. Under this indictment there were two questions for the jury to consider: (1) Whether the defendant was guilty of the crime charged, to wit, the larceny of certain promissory notes; and (2) whether the defendant had been formerly convicted of grand larceny in the second degree. In the examination of the proposed jurors, counsel for the defendant asked one juror whether, if the evidence would show that the defendant had been convicted before of a crime and had served a term in the penitentiary, that would influence him at all in the consideration of the evidence of this case. To that the district attorney objected, and the court sustained the objection, as the second conviction was one of the issues in the case. I think this objection was properly sustained, as in considering the second question referred to the jury would have to consider whether or not the defendant had been before convicted of a crime. Counsel for the defendant then asked a juror this question:

    "I will ask the eighth juror if it develops from the evidence that this defendant was arraigned upon an indictment charging him with grand larceny,

and tried, and convicted and served a term, would that influence you in arriving at a verdict of guilt or innocence?"

This question was objected to by the district attorney. No ground of objection is stated, but the court sustained the objection, stating:

"Now, the objection has been sustained, and the record may show that you have asked the question of each juror, if you wish."

To this counsel for the defendant stated, "Yes, sir. And that the objection was made and sustained, to which we saved an exception"; and the court replied, "Yes." The defendant could not be convicted unless the jury found that he was guilty of larceny in stealing one or both of the two notes mentioned in the indictment. His guilt or innocence, therefore, depended upon the jury finding him guilty of this larceny; and, while the grade of the offense depended upon his former conviction, his guilt or innocence of the crime charged depended upon the question whether he was guilty of the larceny of the notes set forth in the indictment. Upon the trial of that issue he was entitled to a trial by a fair and impartial jury; and, in determining a challenge of a juror, he was entitled to ascertain whether or not he would be influenced by considerations other than the evidence presented upon the trial. Upon this statement in the record defendant must be presumed to have asked each of the jurors called the question whether the former conviction would influence the juror in arriving at a verdict of guilt or innocence; and the court, in excluding that question to each juror, prevented the defendant from ascertaining whether or not a former conviction would influence him in arriving at a conclusion as to the guilt of the defendant of the offense charged.

Section 376 of the Code of Criminal Procedure provides that particular causes of challenge are of two kinds: (1) "For such a bias, as, when the existence of the facts is ascertained, does in judgment of law disqualify the juror, and which is known in this Code as implied bias"; and (2) "for the existence of a state of mind on the part of the juror, in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that such juror cannot try the issue impartially and without prejudice to the substantial rights of the party challenging, and which is known in this Code as actual bias." Section 383 provides:

"Upon the trial of a challenge to an individual juror, the juror challenged may be examined as a witness, to prove or disprove the challenge; and is bound to answer every question pertinent to the inquiry therein."

Section 384 provides that:

"The rules of evidence applicable to the trial of other issues govern the admission or exclusion of testimony, on the trial of the challenge."

A question which has reference to the state of mind of the juror in reference to the case or to either party which should be considered by the court in determining whether such juror could try the issues impartially and without prejudice to the substantial rights of the defendant was competent, and its exclusion was an error which affected the constitution of the jury that was to determine the guilt or inno-

116 N.Y.S.—58

cence of the defendant. I cannot escape the conviction that this question was competent, and that the defendant should have been allowed to ask of each juror whether or not the fact that he had been convicted of a former crime would influence him in determining the question as to his guilt or innocence of the particular crime with which he was charged. It is quite true that the jurors were bound in determining the grade of crime to consider whether or not the defendant had been convicted of a felony; and it is also quite true that, if the defendant offered himself as a witness upon the trial, the jury was justified in considering his former conviction in determining the weight to be given to his testimony. It is, however, a fundamental principle of the English common law that a former conviction is not properly to be considered by a jury in determining whether or not a defendant is guilty of the crime charged. If a juror was so constituted that in determining the question of the guilt or innocence of a defendant of the crime charged he would not be able to eliminate the impression of guilt produced upon his mind by the fact of a former conviction so that it would influence his determination of the guilt of the defendant of the crime charged, he could not try that issue impartially and without prejudice to the substantial rights of the defendant; and that that is not an impossible mental condition is shown in this case by the fact that other of the jurors voluntarily stated upon their examination as to their competency as jurors that the prior conviction would probably affect them in making up their minds as to his guilt or innocence, and, when that appeared, the juror was excluded. The right of a defendant to a fair and impartial jury who will determine the question as to his guilt or innocence solely upon the testimony, and without prejudice or bias, is one that the courts are bound to uphold, and which the court below was bound to protect. The defendant had the right to have the question as to whether or not each particular juror was an impartial juror determined by the court, and was entitled to a reasonable examination of each proposed juror so that that fact could be intelligently determined. It was an important element in determining the question as to the competency of a juror to ascertain whether the former conviction of the defendant would influence him when he came to determine the guilt or innocence of the defendant; and, if it appeared that a juror would not or could not weigh the evidence in regard to the commission of the crime charged without being influenced by the fact that the defendant had been convicted of a former crime, he was not an impartial juror, and the challenge should have been sustained, and that fact could only be ascertained by an examination of the juror as to the effect upon his mind of the former conviction. I am therefore satisfied that it was error to refuse to allow counsel for the defendant to interrogate each juror as to the weight that he would give to a former conviction, and that a refusal to allow the defendant to ask the jurors this question seriously impaired his fundamental right to have the court pass upon the question whether such juror could try the issue impartially and without prejudice to the substantial rights of the defendant; and for that reason the judgment must be reversed.

It is proper for us to say that we have examined ·the other ques-. ·tions presented by counsel for the defendant, that we think the verdict was sustained by the evidence, and but for this error we should affirm the judgment.

The judgment appealed from is therefore reversed, and a new trial ordered. All concur.